UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

| | |
|---|---|
| CANNON & DUNPHY, S.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:13-CV-931 |
| | ) |
| TRAVELERS PROPERTY CASUALTY | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

_____

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
_____

Defendant, Travelers Property Casualty Company of America ("Travelers"), by its attorney, submits herewith its answer and affirmative defenses to the complaint.

### ANSWER TO COMPLAINT

### PARTIES

1. Defendant admits the allegations contained in paragraph 1 of the complaint.

2. Defendant admits the allegations contained in paragraph 2 of the complaint.

### GENERAL ALLEGATIONS

3. Defendant admits the Habush plaintiffs filed Case No. 09-CV-18149 in the Circuit Court of Milwaukee County, Wisconsin against the Cannon defendants ("the Underlying Case"). Further answering, defendant asserts that the allegations of the Underlying Case speak for themselves, and defendant accordingly denies plaintiff's characterization and selective quoting of the allegations of the complaint in the Underlying

Case. Defendant denies any remaining allegations contained in paragraph 3 of the complaint.

4. Defendant admits the Habush plaintiffs filed Case No. 09-CV-18149 in the Circuit Court of Milwaukee County, Wisconsin against the Cannon defendants ("the Underlying Case"). Further answering, defendant asserts that the allegations of the Underlying Case speak for themselves, and defendant accordingly denies plaintiff's characterization and selective quoting of the allegations of the complaint in the Underlying Case. Defendant denies any remaining allegations contained in paragraph 4 of the complaint.

5. Defendant admits it issued a policy of liability insurance to plaintiff Cannon & Dunphy, S.C., Policy No. I-680-1916W211-TIL-09, generally effective from September 1, 2009 to September 1, 2010, with Personal and Advertising Injury coverage effective November 18, 2009, and with Personal and Advertising Injury limits of liability in the amount of $1 million ("the Policy" or "the Travelers Policy"). Further answering, Travelers adopts and incorporates herein by reference paragraphs 25-31 of its Complaint For Declaratory Judgment in Case No. 2:13-CV-877.

6. Defendant admits that the Policy was in full force and effect as of the date of the commencement of the Underlying Case. Defendant denies the remaining allegations contained in paragraph 6 of the complaint.

7. Defendant admits that by a change endorsement with an issue date of January 28, 2010 (the "January 2010 Change Endorsement"), effective November 18, 2009, the Advertising Injury Exclusion was deleted from the Travelers Policy. Defendant further admits that, by virtue of the January 2010 Change Endorsement, effective November 18,

2

2009, the Travelers Policy covered claims for "advertising injury" pursuant to, and as provided in Section I, Coverage B of the Commercial General Liability coverage form CG 00 01 10 01 as amended by the "Amendment of Coverage – Personal and Advertising Injury Liability" endorsement (form CG D2 54 01 05). Defendant asserts that the applicable Policy provisions speak for themselves, and defendant accordingly denies the allegations in paragraph 7 of the complaint where plaintiff paraphrases various the policy provisions. Defendant denies any remaining allegations contained in paragraph 7 of the complaint.

8. Defendant admits the Habush plaintiffs filed the Underlying Case against the Cannon defendants. Further answering, defendant asserts that the allegations of the Underlying Case speak for themselves, and defendant accordingly denies plaintiff's characterization and selective quoting of the allegations of the complaint in the Underlying Case. Defendant denies any remaining allegations contained in paragraph 8 of the complaint.

9. Defendant denies the allegations contained in paragraph 9 of the complaint.

10. Defendant admits the Habush plaintiffs filed the Underlying Case against the Cannon defendants. Further answering, defendant asserts that the allegations of the Underlying Case speak for themselves, and defendant accordingly denies plaintiff's characterization and selective quoting of the allegations of the complaint in the Underlying Case. Defendant denies any remaining allegations contained in paragraph 10 of the complaint.

11. Defendant denies the allegations contained in paragraph 11 of the complaint.

12. Defendant admits that the Underlying Case named Habush, Habush & Rottier, S.C., Robert L. Habush, and Daniel A. Rottier as plaintiffs. Further answering, defendant

asserts that the allegations of the Underlying Case speak for themselves, and defendant accordingly denies plaintiff's characterization and selective quoting of the allegations of the complaint in the Underlying Case. Defendant denies any remaining allegations contained in paragraph 12 of the complaint.

13. Defendant denies the allegations contained in paragraph 13 of the complaint.

14. Defendant admits the Habush plaintiffs filed the Underlying Case against the Cannon defendants. Further answering, defendant asserts that the allegations of the Underlying Case speak for themselves, and defendant accordingly denies plaintiff's characterization and selective quoting of the allegations of the complaint in the Underlying Case. Defendant denies any remaining allegations contained in paragraph 14 of the complaint.

15. Defendant denies the allegations contained in paragraph 15 of the complaint.

16. Defendant admits that plaintiff paid the premium when due. Defendant does not have information sufficient to form a belief as to what defendant means by "substantial premiums," and therefore denies such allegations. Defendant denies the remaining allegations contained in paragraph 16 of the complaint.

17. Defendant denies the allegations contained in paragraph 17 of the complaint.

18. Defendant admits that plaintiff tendered the defense of the Underlying Case to Travelers on or about December 16, 2009. Defendant does not have information sufficient to form a belief as to what defendant means by "timely tendered the defense," and therefore denies such allegations. Defendant denies the remaining allegations contained in paragraph 18 of the complaint.

4

19. Defendant admits that it denied coverage and declined plaintiff's tender of defense by letter dated March 1, 2010. Defendant does not have information sufficient to form a belief as to what defendant means by "unilaterally" denied coverage and declined the tender of defense, and therefore denies such allegations. Defendant denies any remaining allegations contained in paragraph 19 of the complaint.

20. Defendant admits the allegations contained in paragraph 20 of the complaint.

21. Defendant admits the allegations contained in paragraph 21 of the complaint.

22. Defendant admits that plaintiff sent defendant a letter dated April 26, 2010. Further answering, defendant asserts that the April 26, 2010 letter speaks for itself, and defendant accordingly denies plaintiff's characterization and selective quoting of the April 26, 2010 letter. Defendant does not have information sufficient to form a belief as to the truth of the allegations concerning the June 8, 2011 letter, and accordingly denies the allegations concerning the June 8, 2011 letter. Defendant denies any remaining allegations contained in paragraph 22 of the complaint.

23. Defendant admits the allegations contained in paragraph 23 of the complaint.

24. Defendant admits the allegations contained in paragraph 24 of the complaint.

25. Defendant admits that it did not defend the Cannon Defendants in the Underlying Case and admits that it did not file a declaratory judgment action to resolve coverage issues prior to August 1, 2013. Defendant denies any remaining allegations contained in paragraph 25 of the complaint.

26. Defendant admits that it did not defend the Cannon Defendants in the Underlying Case and admits that it did not file a declaratory judgment action to resolve

coverage issues prior to August 1, 2013. Defendant denies any remaining allegations contained in paragraph 26 of the complaint.

27. Defendant admits that it did not defend the Cannon Defendants in the Underlying Case, admits that it did not seek a non-waiver agreement, and admits that it did not file a declaratory judgment action to resolve coverage issues prior to August 1, 2013. Defendant denies any remaining allegations contained in paragraph 27 of the complaint.

28. Defendant admits that plaintiff incurred attorneys fees and defense costs to defend the Cannon Defendants in the Underlying Case. Defendant does not have information sufficient to form a belief as to what defendant means by "substantial attorneys fees and defense costs," and therefore denies such allegations. Defendant denies any remaining allegations contained in paragraph 16 of the complaint.

29. Defendant admits that plaintiff sent defendant a letter dated June 26, 2013. Further answering, defendant asserts that the June 26, 2013 letter speaks for itself, and defendant accordingly denies the allegations in paragraph 29 of the complaint where plaintiff paraphrases various provisions of the letter. Defendant denies any remaining allegations contained in paragraph 29 of the complaint.

30. Defendant admits that its position was and continues to be that it owed the Cannon defendants no defense obligation under the Policy for the attorneys fees and defense costs plaintiff incurred in the Underlying Case, and that it owed the Cannon defendants no indemnity obligation for any liability they might have incurred in the Underlying Case. Defendant denies any remaining allegations contained in paragraph 30 of the complaint.

6

Case 2:13-cv-00931-RTR    Filed 09/09/13    Page 6 of 9    Document 7

31. No response is required to the allegations contained in paragraph 31 of the complaint because they state legal conclusions. To the extent a response is required, defendant denies the allegations contained in paragraph 31 of the complaint.

**FIRST CLAIM FOR RELIEF-- BREACH OF CONTRACT**

32. Defendant incorporates its answers to paragraphs 1-32 of the complaint as though fully set out herein.

33. Defendant denies the allegations contained in paragraph 33 of the complaint.

34. Defendant denies the allegations contained in paragraph 34 of the complaint.

35. Defendant denies the allegations contained in paragraph 35 of the complaint.

36. Defendant denies the allegations contained in paragraph 36 of the complaint.

**SECOND CLAIM FOR RELIEF -- TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

37. Defendant incorporates its answers to paragraphs 1-36 of the complaint as though fully set out herein.

38. Defendant denies the allegations contained in paragraph 38 of the complaint.

39. Defendant denies the allegations contained in paragraph 39 of the complaint.

**THIRD CLAIM FOR RELIEF -- DECLARATORY JUDGMENT**

40. Defendant incorporates its answers to paragraphs 1-39 of the complaint as though fully set out herein.

41. Defendant denies the allegations contained in paragraph 41 of the complaint.

42. Defendant admits that there is a justiciable controversy that can be resolved by declaratory judgment. Defendant denies any remaining allegations contained in paragraph 42 of the complaint.

# AFFIRMATIVE DEFENSES

1. Travelers adopts and incorporates herein by reference its TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT filed in the U.S. District Court of the E.D. Wisconsin, Milwaukee Division, on August 1, 2013, Case No. 2:13-cv-877.

WHEREFORE, defendant Travelers Property Casualty Company of America ("Travelers") requests a judgment declaring as follows.

A) Travelers had no duty to defend the Cannon defendants under the Travelers Policy with respect to the Underlying Case;

B) Travelers did not breach any duty to defend the Cannon defendants under the Travelers Policy with respect to the Underlying Case;

C) The Travelers Policy does not provide coverage to the Cannon defendants for the attorneys fees and other expenses that they contend they incurred in the defense of the Underlying Case;

D) Awarding to Travelers all costs and fees with respect to this action to which Travelers is entitled under the law or in equity; and

E) All other relief the Court deems just and appropriate.

Dated this 9th day of September, 2013.

**DEFENDANT DEMANDS TRIAL BY JURY OF NOT LESS THAN 12 PERSONS IN ALL MATTERS RELATED TO THE ACTION**

                                                      s/Mark W. Rattan
                                          Attorney for Travelers Property
                                          Casualty Company Of America
                                          Litchfield Cavo, LLP
                                          13400 Bishops Lane, Suite 290
                                          Brookfield, Wisconsin 53211-6237
                                          Phone: (262) 784-8966
                                          Fax: (262) 784-8812
                                          E mail: rattan@litchfieldcavo.com
                                          Wis. State Bar No. 1016320

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2013, I electronically filed the following with the Clerk of the Court using the ECF system and that the foregoing is available on the ECF system for viewing and downloading.

(1) ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT.

The ECF system will send a notice of electronic filing to the following counsel of record:

William M. Cannon, State Bar No. 01015422
Sarah F. Kaas, Bar No. 01027895
Brett A. Eckstein, State Bar No. 1036964
Cannon & Dunphy, S.C.
595 North Barker Road
Brookfield, Wisconsin 53008-1750
Phone: (262) 796-3700
Fax: (262) 796-3710
email: wcannon@cannon-dunphy.com
skaas@cannon-dunphy.com
beckstein@cannon-dunphy.com

Dated this 9th day of September, 2013.

s/Mark W. Rattan
Attorney for Travelers Property
Casualty Company Of America
Litchfield Cavo, LLP
13400 Bishops Lane, Suite 290
Brookfield, Wisconsin 53211-6237
Phone: (262) 784-8966
Fax: (262) 784-8812
E mail: rattan@litchfieldcavo.com
Wis. State Bar No. 1016320